# EXHIBIT C-1

Filed 6/15/2021 3:44 PM
Melanie Reed
District Clerk
Ellis County, Texas

CAUSE NO. **106079** _____

| | | |
|---|---|---|
| MARIBEL DE LUNA, INDIVIDUALLY, AND ON BEHALF OF THE ESTATE OF MIGUEL ANGEL DE LUNA | § § § § | IN THE DISTRICT COURT |
| Plaintiffs, | § § § | |
| V. | § § § | **40TH** JUDICIAL DISTRICT |
| QUICK ON THE DRAW TRUCKING, INC.; GEORGIA-PACIFIC, LLC; DARIUS ANDREAS GHOSTON | § § § § § | |
| Defendants. | § § | ELLIS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, Maribel De Luna, Individually, and as Representative of the Estate of Miguel Angel De Luna, Deceased ("Plaintiff") complaining of Quick on the Draw Trucking, Inc., Georgia-Pacific, LLC, and Darius Andreas Ghoston, hereinafter ("Defendants"), and for cause of action would show unto the Court the following:

## I. DISCOVERY PLAN

1.     Plaintiff intends to conduct discovery in this cause under Discovery Control Plan Level Three and requests a Docket Control Conference so that discovery may be tailored to the particular circumstances of this suit.

## II. JURISDICTION AND VENUE

2.      This case arises from a fatality crash that occurred in Ellis County, Texas.

3.      This Court has jurisdiction over the subject matter and the parties.

4.      Venue is proper in Ellis County, Texas as a substantial part of the acts that give rise to this lawsuit occurred in Ellis County.

5.      Under Texas Rule of Civil Procedure 47(c) the damages sought in this action exceed $1,000,000.00.

## III. PARTIES

6.      Maribel De Luna is the wife of Miguel Angel De Luna. Maribel brings suit both individually, and on behalf of the Estate of Miguel Angel De Luna, as well as under the Texas Wrongful Death and Survival Acts.  Maribel De Luna resides in Hill County, Texas.

7.      Quick on the Draw Trucking, Inc. is a corporation formed under Indiana law and may be served through its registered agent, Nina A. Carter, at 1236 Cameron St., Indianapolis, IN 46203. **Service is hereby requested.**

8.      Georgia-Pacific, LLC is a limited liability corporation formed in Georgia and may be served through its registered agent, CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX  75201-3136. **Service is hereby requested.**

9.      Defendant Darius Andreas Ghoston is an individual who may be served at his place of residence at 405 Court St., Vaiden, MS 39176.  **Service is hereby requested.**

10.     Collectively Quick on the Draw Trucking, Inc., Georgia-Pacific, LLC and Darius Andreas Ghoston will be referred to herein as "Defendants".

## IV. MISNOMER, ALTER-EGO, ASSUMED NAME

11.    In the event any parties are misnamed or not included herein, such event was a misnomer, or such parties are or were alter egos of parties named herein.

## V. Facts

12.    On December 8, 2020, around 3:30 p.m. Miguel Angel De Luna was traveling eastbound in the right lane of N. IH 35.

13.    Ghoston was driving the Freightliner under his employment with Quick on the Draw Trucking.

14.    Georgia Pacific requires trucks to line up on the feeder road to the highway before entering their facility.

15.    The Freightliner operated by Ghoston was stopped in the right lane of N. IH 35E in line with several other semi-trucks to enter the facility.

16.    Ghoston activated his flashers but did not place any warning devices such as reflective triangles, fuses, or liquid-burning flares to alert oncoming drivers.

17.    Ghoston was in line for about 30 minutes before the vehicle operated by Miguel struck the rear of the Freightliner.

18.    The collision caused major damage to Miguel's vehicle, which ultimately lead to his death.

19.    The Federal Motor Carrier Safety Administration requires that when a commercial motor vehicle is stopped upon a travelled portion of the highway or shoulder of the highway for any cause other than necessary traffic stops, the driver must activate the hazard warning signal flashers and place required warning devices around the truck within 10 minutes of being stopped. 49 CFR § 392.22. The hazard flashers may be used in addition but not in lieu of these warning devices.

20.     The required warning devices are bidirectional emergency reflective triangles, fuses, or liquid-burning flares. 49 CFR § 393.95.

21.     At all relevant times, Ghoston was acting in the course and scope of his employment with Quick on the Draw Trucking.

22.     At all relevant times, Quick on the Draw Trucking entrusted the Freightliner to Ghoston.

## VI. NEGLIGENCE AND BREACH OF DUTY BY DARIUS ANDREAS GHOSTON

23.     The Plaintiff's damages were proximately caused by the negligent, careless, and reckless disregard of Ghoston's duty to control his vehicle, operate a vehicle safely, and obey the traffic laws of the State of Texas.

24.     Ghoston's negligent conduct, whether by act or omission, included, but was not limited as follows:

    a.      In failing to place required warning devices while stopped on the roadway within
            10 minutes of being stopped.

    b.      In failing to comply with traffic laws and the Federal Motor Carrier Safety
            Regulations.

25.     Each of the aforementioned negligent acts or omissions of Ghoston violated the duty or duties he owed Decedent and constitute negligence and negligence per se and were a proximate cause of the collision and the resulting damages and injuries to Decedent.

26.     Quick on the Draw Trucking, Inc. is vicariously liable for the acts and/or omissions of Ghoston under the doctrine of *respondeat superior*; as Ghoston, was in the course and scope of his employment at the time of the incident.

## VII. NEGLIGENCE OF QUICK ON THE DRAW TRUCKING, INC.

27.     At the time of the subject incident, Quick on the Draw Trucking, Inc. was responsible for the operational safety of their vehicles and drivers. As discussed above, Quick on the Draw is responsible for the actions of Ghoston under the doctrine of *respondeat superior*.

28.     Quick on the Draw's negligent conduct, whether by act or omission, included, but was not limited, as follows:

      a.     Negligent training of Ghoston; and

      b.     Negligent supervision and monitoring of Ghoston regarding safety protocols and Federal Motor Carrier Safety Regulations.

## VIII. NEGLIGENCE OF GEORGIA-PACIFIC, LLC

29.     The collision and damages sustained to by the Plaintiff was proximately caused by the Defendants' negligent, careless, and reckless disregard of the duty to operate their company in a reasonably prudent manner and to obey all the laws of the State of Texas and the United States.

30.     Georgia-Pacific's negligent conduct, whether by act or omission, included, but was not limited, as follows:

      a.     Negligently requiring drivers to line up on the feeder road to the highway before entering the facility without placing warning devices;

      b.     Negligently creating a hazard in the roadway.

31.     Each of the aforementioned negligent acts or omissions of Defendants, violated the duty or duties they owed Plaintiff and constitute negligence and negligence per se and were a proximate cause of the collision and the resulting damages to Plaintiff.

## IX. ESTATE MIGUEL DE LUNA

32.     Maribel, the surviving spouse of Miguel De Luna, brings this action as the proposed Administrator of his Estate. As a result of the conduct of the Defendants, Miguel De Luna

suffered multiple injuries which resulted in his death. Prior to his death Miguel suffered pain and mental anguish.

33.     Maribel, on behalf of the Estate of Miguel De Luna, seeks recovery for Decedent's pain and suffering and mental anguish prior to his death as well as all of his medical expenses and funeral expenses resulting from this tragedy.

## X. RULE 193.7 NOTICE

34.     Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives actual notice to Defendants, that any and all documents produced may be used against Defendants producing the document at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

## XI. JURY DEMAND

35.     In accordance with Rule 216 of the Texas Rules of Civil Procedure, Plaintiff hereby makes an application for a jury trial and requests that this cause be set on the Court's Jury Docket. In support of Plaintiff's application, the appropriate jury fee has been paid to the Clerk at least thirty (30) days in advance of the trial setting.

## XII. DAMAGES

36.     As a producing,  direct, and proximate result of the incident, injuries, and damages for which Defendants are liable, Plaintiff seeks and is entitled to general, specific, economic, and noneconomic damages, as applicable to Plaintiff, in an amount in excess of the minimum jurisdictional limits of the court, as determined to be just and fair by the jury. Such damages include, but are not necessarily limited to:

A.     *Wrongful Death for the Death of Maribel De Luna's Husband, Miguel De Luna*

1.  Loss of consortium, companionship, and society in the past;

2.  Loss of consortium, companionship, and society in the future;

3.  Mental anguish in the past; and

4.  Mental anguish, in reasonable probability, will be sustained in the future.

B.    *Survival Damages for the Pain and Suffering of Miguel De Luna Prior to His Death*
      *Recoverable by His Estate*

1.  Pain and suffering from impact to death;

2.  Mental anguish from impact to death.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein, that is cause be set down for trial before a jury, and that Plaintiff recovers judgment of and from Defendants for actual and exemplary damages in such amount as the evidence may show and the jury may determine to be proper, together with prejudgment interest, post-judgment interest, costs of suit, and other and further relief to which they may show themselves to be justly entitled.

Respectfully submitted,

By:    */s/ David E. Harris*
       David E. Harris
       State Bar No. 24049273
       dharris@shhlaw.com
       lgarcia@shhlaw.com
       Louie J. Cook
       State Bar No. 24101191
       lcook@shhlaw.com
       **SICO HOELSCHER HARRIS LLP**
       802 N. Carancahua, Ste. 900
       Corpus Christi, Texas 78401
       Telephone: 361-653-3300

Facsimile:   361-653-3333

**ATTORNEYS FOR PLAINTIFF**